UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JOSEPH M. O'NEIL, ) | |
| ) | |
| Plaintiff, ) | CASE NO. C04-1768-JCC |
| ) | |
| v. ) | REPORT AND |
| ) | RECOMMENDATION |
| JO ANNE B. BARNHART, ) | |
| Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |
| ) | |

Plaintiff Joseph M. O'Neil appeals to the District Court from a final decision of the Commissioner of the Social Security Administration (the "Commissioner") denying his application for Disability Insurance Benefits ("DIB") under Title II of the Social Security Act. For the reasons set forth below, it is recommended that the Commissioner's decision be AFFIRMED.

## I. PROCEDURAL HISTORY

On November 8, 2000, plaintiff filed for DIB, alleging that he became disabled on March 4, 1997, due to degenerative disc disease. Tr. 90-92, 107. Plaintiff's application was denied initially and on reconsideration. Tr. 30-33, 35-38. On May 24, 2001, plaintiff, with the assistance of legal counsel, timely requested an administrative hearing. Tr. 39. On January 23, 2003, Administrative Law Judge ("ALJ") Peter J. Valentino held a hearing and heard testimony from plaintiff, medical expert, Eric C. Yu, M.D., and vocational expert, Bonnie Sinclair, M.S. Tr. 64, 374-424. On March 29, 2002, the ALJ issued a written decision denying plaintiff's claim. Tr. 64-72. On May 20, 2002,

plaintiff, without the assistance of legal counsel, submitted new evidence along with a request to the Appeals Council for review of the ALJ's decision. Tr. 56-60. On July 9, 2002, the Appeals Council remanded the case to ALJ Valentino with instructions to review the additional evidence. Tr. 74-75.

On February 13, 2003, plaintiff again appeared before ALJ Valentino, without legal counsel, but accompanied by his daughter. Tr. 425-75. The ALJ Valentino heard testimony from plaintiff, medical expert, Arvin J. Klein, M.D., and vocational expert, Gloria Lansoff. Tr. 425-75. On July 24, 2003, the ALJ issued a second decision denying plaintiff's claim. Tr. 20-27. Plaintiff appealed the ALJ's second decision to the Appeals Council, which declined to review plaintiff's claim. Tr. 5-7. Plaintiff, with the assistance of legal counsel, appealed this final decision of the Commissioner to this Court.

## II. THE PARTIES' POSITIONS

Plaintiff requests that the Court remand this case for further proceedings to correct the ALJ's legal errors. Plaintiff argues that the ALJ erred by: (1) failing to properly advise plaintiff of his right to legal representation; (2) failing to properly develop the evidentiary record; and (3) failing to properly consider the testimony of plaintiff's lay witness. The Commissioner asserts that the ALJ's decision is supported by substantial evidence and free of legal error.

## III. STANDARD OF REVIEW

The court may set aside the Commissioner's denial of social security disability benefits when the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. *Penny v. Sullivan*, 2 F.3d 953, 956 (9th Cir. 1993). Substantial evidence means more than a scintilla, but less than a preponderance; it means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989). The ALJ is responsible for determining credibility, resolving conflicts in medical

testimony, and for resolving ambiguities. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). Where the evidence is susceptible to more than one rational interpretation, it is the Commissioner's conclusion which must be upheld. *Sample v. Schweiker*, 694 F.2d 639, 642 (9th Cir. 1982).

## IV. EVALUATING DISABILITY

The claimant bears the burden of proving that he is disabled. *Meanel v. Apfel*, 172 F.3d 1111, 1113 (9th Cir. 1999). Disability is defined as the inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment, which can be expected to result in death, or which has lasted or can be expected to last for a continuous period of not less than twelve months. 42 U.S.C. § 423 (d)(1)(A).

The Social Security regulations set out a five-step sequential evaluation process for determining whether claimant is disabled within the meaning of the Social Security Act. *See* 20 C.F.R. § 416.920. At step one, the claimant must establish that he or she is not engaging in any substantial gainful activity. 20 C.F.R. §§ 404.1520(b), 416.920(b). At step two, the claimant must establish that he or she has one or more medically severe impairments or combination of impairments. If the claimant does not have a "severe" impairment, he or she is not disabled. *Id.* at § (c). At step three, the Commissioner will determine whether the claimant's impairment meets or equals any of the listed impairments described in the regulations. A claimant who meets one of the listings is disabled. *See Id.* at § (d).

At step four, if the claimant's impairments do not meet or equal one of the impairments listed in the regulations, the Commissioner must assess the claimant's residual functional capacity and the physical and mental demands of the claimant's past relevant work. *Id.* at § (e). If the claimant is not able to perform his or her past relevant work, the burden shifts to the Commissioner at step five to show that the claimant can perform some other work that exists in significant numbers in the national economy, taking into consideration the claimant's residual functional capacity, age, education, and

1  work experience. *Id.* at § (f); *Tackett v. Apfel*, 180 F.3d 1094, 1100 (9th Cir. 1999). If the
2  Commissioner finds the claimant is unable to perform other work, then the claimant is found
3  disabled.

## V.  SUMMARY OF THE RECORD EVIDENCE

Plaintiff was 55-years-old on the day of his last hearing, and has 14-years of formal education. Tr. 21. Plaintiff previously worked as an iron worker for nineteen years. Tr. 159-66.

Because the parties have adequately summarized the record in their briefing, the Court will not summarize the record here. Relevant evidence will be incorporated into the discussion.

## VI.  THE ALJ'S DECISION

At step one, the ALJ found that plaintiff had not engaged in substantial gainful activity since his alleged disability onset date, March 4, 1997. Tr. 22. At step two, the ALJ found that plaintiff's degenerative disc disease is a severe impairment. Tr. 26. At step three, the ALJ found that plaintiff's impairment does not meet or medically equal the requirements of a listed impairment. *Id.* At step four, the ALJ determined that plaintiff has the residual functional capacity ("RFC") to perform medium work. Tr. 27. He determined that plaintiff retains the RFC to lift/carry no more than 50 pounds at a time, to lift/carry 25 pounds frequently, and to stand/walk for six hours in an eight hour workday. Tr. 26. The ALJ also determined that plaintiff has the following additional limitations: occasional bending, stooping, and crouching; no climbing of ladders, scaffolds, or ropes; and no working at unprotected heights. Tr. 26. At step four, the ALJ found that plaintiff is unable to perform his past relevant work. Tr. 26. At step five, the ALJ found that plaintiff was not disabled because there are a significant number of jobs in the national economy that he could perform, including assembler, laundry marker, and cleaner. Tr. 27.

## VII.  DISCUSSION

A.  The ALJ Properly Notified Plaintiff of His Right to Counsel

Plaintiff, though represented by counsel at his first hearing, appeared at his second hearing before the ALJ without counsel. Now represented by counsel, plaintiff argues that the ALJ failed to properly advise him of his right to counsel. (Dkt. #15 at 14-15).

Although a Social Security claimant has a statutory right to counsel at a disability hearing, the Secretary is under no obligation to furnish such counsel. 42 U.S.C. § 406(c); 20 C.F.R. § 404.1706. Rather, the Social Security Act requires the Social Security Administration ("SSA") to advise the claimant about the right to be represented by an attorney or other qualified person to help obtain evidence, prepare for proceedings, and develop and present his or her case in an administrative proceeding. The Act provides:

> The Commissioner of Social Security shall notify each claimant in writing, together with the notice to such claimant of an adverse determination, or the options for obtaining attorneys to represent the individuals in presenting their cases before the Commissioner of Social Security. Such notification shall also advise the claimant of the availability of qualifying claimants of legal services organizations which provide legal service free of charge.

42 U.S.C. § 406(c). A claimant may voluntarily waive this right to counsel, as long as the ALJ has provided notice of that right.

The record reveals that the ALJ did advise plaintiff of his right to counsel before the hearing, and that plaintiff waived that right. Tr. 20. The ALJ states in his written decision, "The claimant personally appeared and testified, after having been advised of the right to and benefits of counsel, and having elected to proceed without representation." *Id.* In addition, the Notice of Disapproved Claims, Notice of Reconsideration, Request for Hearing by Administrative Law Judge, and Notice of Supplemental Hearing, sent to plaintiff also advise him of his right to representation. Tr. 32, 38[1],

---

[1] "You can have a friend, lawyer, or someone else help you. There are groups that can help you find a lawyer or give you free legal services if you qualify. There are also lawyers who do not charge unless you win your appeal. Your local Social Security office has a list of groups that can help you with your appeal." Tr. 32 and 38.

REPORT AND RECOMMENDATION
PAGE - 5

1  39[2], 77[3]. Neither the relevant statute, 8 U.S.C. § 406(c), nor the regulations, 20 C.F.R. § 404.1706,

2  nor the relevant case law require any more advisement other than what was provided in this case.

3  Plaintiff does not assert that the written notices he received concerning his ability to be

4  represented by an attorney or other person were insufficient, nor does plaintiff dispute the ALJ's

5  statement that he advised plaintiff of the right to and benefits of counsel. Plaintiff was informed of

6  his right to counsel in writing and orally at his administrative hearing. He has provided no evidence

7  to suggest that he did not understand, or did not voluntarily waive his right to counsel. Accordingly,

8  plaintiff is not entitled to remand on this basis.

9  B.    The ALJ Properly Developed the Evidentiary Record

10  Plaintiff next argues that the ALJ failed to properly develop the evidentiary record. (Dkt.

11  #18 at 8-10). "In Social Security cases the ALJ has a special duty to fully and fairly develop the

12  record and to assure that the claimant's interests are considered." *Brown v. Heckler*, 713 F.2d 441,

13  443 (9th Cir. 1983). When a claimant appears at a hearing without counsel, "the ALJ must

14  'scrupulously and conscientiously probe into, inquire of, and explore for all of the relevant facts.'"

15  *Key v. Heckler*, 754 F.2d 1545, 1551 (9th Cir. 1985)(quoting *Cox v. Califano*, 587 F.2d 988, 991

16  (9th Cir. 1978)).

17  Plaintiff asserts that the ALJ failed to fully develop the medical evidence as instructed by the

18  Appeals Council because evidence submitted to the Appeals Council "is nowhere to be found in the

19  evidentiary record." (Dkt. #15 at 16). Plaintiff also asserts that the record contains none of the

---

[2] "You have a right to be represented at the hearing. If you are not represented but would like to be, your Social Security office will give you a list of legal referral and service organizations." Tr. 39.

[3] "If you want to have a representative, please get one right away. You should show this notice to anyone you may appoint. You or that person should also call this office to give us his or her name, address, and telephone number." Tr. 77.

REPORT AND RECOMMENDATION
PAGE - 6

1  "three different enclosures of medical evidence he included with his letter [to the Appeals Council.]"

2  (Dkt. #15 at 17). These three enclosures include: a "Letter to Dr. Stanich," a "Report from Mesa

3  Physical Therapy," and a "Selection of Want Ads." Tr. 60. According to plaintiff, the record is

4  incomplete because this evidence is not contained in the administrative record.

5        Contrary to plaintiff's assertion, all of the evidence, including evidence received before,

6  during, and after his second administrative hearing, are contained in the administrative record. *See*

7  Tr.151-373; Exs. 1F-13F (medical records submitted before the first hearing), Exs. 14F-20F

8  (medical records submitted in connection with the Appeals Council remand), Exs. 21F-22F (medical

9  records submitted during the second hearing), Ex. 23F (medical records submitted after the second

10  hearing). Furthermore, the record shows that the ALJ evaluated all of the medical evidence, giving

11  particular consideration during the administrative hearing and in his written decision to the opinion

12  of plaintiff's treating physician, Miles V. Stanich, M.D., who treated plaintiff between September

13  2000 and December 2001. Tr. 16, 22, 428-29, 448-49.

14        Two of the enclosures submitted to the Appeals Council, plaintiff's May 5, 2002, letter to

15  Dr. Stanich, Tr. 147, and a Report from Mesa Physical Therapy, Tr. 254-56, are also contained in

16  the record. Although the "Selection of Want Ads" appears to be missing from the record, "want

17  ads" are not medical evidence as defined under the regulations, 20 C.F.R. § 404.1512. Moreover,

18  plaintiff fails to explain how a "Selection of Want Ads" contributes to his claim of disability.

19  Accordingly, the absence of enclosure three is harmless because there is no evidence of prejudice

20  or unfairness as a result of the missing exhibit.

21        Plaintiff further asserts that the ALJ did not fully develop the record because he failed to

22  elicit favorable testimony from plaintiff or his daughter during the administrative hearing. (Dkt. #15

23  at 17-18). The Court disagrees. The ALJ reviewed the medical evidence and heard testimony from

24  plaintiff regarding his condition and his daily activities. He questioned plaintiff about his back pain

25

26  REPORT AND RECOMMENDATION
PAGE - 7

and its effects on his daily life, in addition to asking about his education, past work history, and medication use. The ALJ also had a medical expert testify to assess plaintiff's medical history and a vocational expert testify regarding jobs plaintiff could perform. Plaintiff's medical history and his testimony during the hearing were sufficient to present a full and clear picture of his impairments. Therefore, the ALJ did not need to develop the record further. *See Mayes v. Massanari*, 276 F.3d 453, 459-60 (9th Cir. 2001)(stating, "An ALJ's duty to develop the record further is triggered only when there is ambiguous evidence or when the record is inadequate to allow for proper evaluation of the evidence.").

Although plaintiff claims that the ALJ failed to sufficiently inquire of his daughter, the record demonstrates otherwise. The ALJ asked plaintiff's daughter whether she intended to testify as a witness. Tr. 429. She responded, "I don't think so." *Id.* The ALJ then asked, "Are you going to be just – you're just going to observe this hearing?" *Id.* To which she responded, "I assume I'm observing but I may as well –." *Id.* The ALJ then stated his conclusion that she was observing and neither plaintiff nor his daughter corrected the ALJ. Nevertheless, the ALJ did invite plaintiff's daughter to testify later in the hearing. Tr. 472. Based on her lay testimony, the ALJ specifically requested a post-hearing psychiatric evaluation to supplement the record and to determine whether plaintiff had a somatoform disorder. Tr. 472-73.

Plaintiff also argues that the ALJ erred in not specifically directing the consultative examiner to make a finding regarding a somatoform disorder. (Dkt. #15 at 20). The record shows, however, that plaintiff underwent a "complete psychiatric evaluation," by Richard Heidenfelder, M.D., who considered and discounted plaintiff's depression as secondary to his chronic pain, finding no mental deficits. Tr. 367-71. Dr. Heidenfelder's complete psychiatric evaluation would have included a determination of whether plaintiff suffered from a somatoform disorder with or without the ALJ's instruction. Accordingly, plaintiff's objection is without merit.

REPORT AND RECOMMENDATION
PAGE - 8

1   Finally, plaintiff claims that the ALJ failed to notify him of his right to request a finding of disability for a "closed period." (Dkt. #15 at 19). The ALJ may award a closed period of benefits as an alternative to continuing benefits if it appears the claimant's condition will cease at a determinable point. The ALJ explained that in order for the claimant to be entitled to Title II benefits, plaintiff would have to establish that he became disabled on or before December 31, 2002. Tr. 21. The ALJ concluded, however, that plaintiff was not disabled as defined in the Social Security Act at any time through the date of his decision. A finding of disability is a prerequisite for an award of benefits for a closed period. Because plaintiff is not disabled, he is not entitled to benefits for a closed period or otherwise. Plaintiff cites no evidence to support his claim that he was disabled for a closed period. Therefore, the ALJ did not err by failing to notify plaintiff of his right to closed period benefits.

Accordingly, there is no evidence that the ALJ failed to adequately develop the record. Plaintiff is not entitled to a remand on this basis.

### C. The ALJ Improperly Disregarded the Testimony of Plaintiff's Lay Witness

In order to determine whether a claimant has an impairment, an ALJ may consider lay witness sources, such as testimony of relatives. 20 C.F.R. § 404.1513(d)(4). Lay witness testimony as to a claimant's symptoms or how an impairment affects a claimant's ability to work is competent evidence, and therefore cannot be disregarded without comment. *Lewis v. Apfel*, 236 F.3d 503, 511 (9th Cir. 2001); *Dodrill v. Shalala*, 12 F.3d 915, 918-19 (9th Cir. 1993). "If the ALJ wishes to discount the testimony of the lay witness, he must give reasons that are germane to each witness." *Dodrill*, 12 F.3d at 919.

Plaintiff asserts that the ALJ erred by improperly disregarding the lay testimony of his daughter. (Dkt. #15 at 21). Plaintiff's daughter asked whether she could "make a statement as a

1  witness" to which the ALJ responded, "Yes. Go ahead." Tr. 472. Without being sworn in,[4]
2  plaintiff's daughter testified that plaintiff had been "in chronic pain since his injury," and "cannot lift
3  two bags of groceries . . . [or] sit for a long period of time." *Id*. She further testified, "I could not
4  see hiring an individual who would sit and stand and sit and stand and move around. He can't sit
5  still because he's in so much pain." *Id*. The Commissioner concedes that the ALJ did not
6  specifically address the lay testimony of plaintiff's daughter. (Dkt. #18 at 10). The Commissioner
7  contends, however, that such omission is harmless error because her testimony conflicts with the
8  medical evidence and because substantial evidence supports the ALJ's decision.

   The ALJ did not address the lay testimony of plaintiff's daughter, thus committing legal error
   and providing a basis for reversal. *Dodrill*, 12 F.3d at 919. Although the ALJ did not make specific
   findings rejecting the testimony of plaintiff's daughter in his written opinion, he did find during the
   hearing that her testimony conflicted with the medical record, stating that "no one in the VA has
   confirmed on this pain." Tr. 472. *Vincent v. Heckler*, 739 F.2d 1393, 1395 (9th Cir. 1984)(holding
   that the ALJ may discount lay testimony that conflicts with the medical evidence).

   Furthermore, any error was harmless as substantial evidence supports the ALJ's conclusion
   that plaintiff was capable of performing medium work. As the ALJ set forth in his first decision and
   adopted in his second decision:

> The undersigned has considered the claimant's allegations of functional limitations pursuant to the laws of the 9th Circuit Court of Appeals, Social Security Ruling 96-7p and the pertinent regulations. In fact, the undersigned will provide the following clear and convincing reasons for rejecting plaintiff's allegations of functional limitation. **First**, x-ray of the claimant's back taken on March 18, 1997, were within normal range and upon examination, the claimant had a full range of motion. **Second**, from January 1998 until December 2000, the claimant attended school and obtained a certificate as a Personal Computer Technician. **Third**, on May 5, 1997, the claimant reported that the day after the first steroid injection, he helped his daughter move to Portland Oregon. He spent the day after the epidural steroid injection driving a truck and helping his daughter

---

[4] The record does not support plaintiff's assertion that he was denied an opportunity to present evidence by the ALJ's failure to swear in the witness.

REPORT AND RECOMMENDATION
PAGE - 10

load and unload her belongings. The claimant reported that he did great on the trip and reported significantly decreased back and leg pain and decreased intercostal rib pain. These activities do not indicate a disabling level of impairment of the claimant's residual functional capacity. **Fourth**, Dr. Wieseltier opined that claimant was only precluded from very heavy lifting on a prophylactic basis. **Fifth**, Dr. Raisinghani opined that the claimant appeared to be somewhat malingering, as he complained of severe pain with minimal palpation. **Sixth**, an MRI taken on July 19, 2001, revealed no more than mild degenerative disc disease at L3 through L5, with no associated disc bulge or protrusion and no evidence of central canal stenosis or nerve root compression. **Seventh**, the nerve conduction study and EMG report dated June 6, 2001, was consistent with only very mild sensory and motor neuropathy. **Eighth**, the objective evidence of the claimant's medical record does not establish impairments likely to produce disabling pain or other limitations as alleged for any period of 12 or more continuous months.

Tr. 69. More recent medical records show that plaintiff's back problems were of minimal severity in 2002. Tr. 23. And in November 2002, plaintiff reported that his pain was a 1 to 2 on a scale of 1 to 10. *Id.* Both medical experts that testified concurred that plaintiff could perform a significant range of medium work. *Id.* Moreover, plaintiff recently acknowledged that his physical and mental health has improved. Tr. 24. Thus, the ALJ properly concluded, "the overall record simply does not support a finding of disability according to Social Security standards." *Id.*

Plaintiff has not shown that the ALJ's decision is not supported by substantial evidence. Accordingly, the Court finds that the ALJ's omission amounts to no more than harmless error.

## VIII. CONCLUSION

For the foregoing reasons, I recommend that the final decision of the Commissioner be affirmed and that the appeal be dismissed. A proposed Order accompanies this Report and Recommendation.

DATED this 1st day of November, 2005.

MONICA J. BENTON
United States Magistrate Judge